IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GAVIN MCVICKER,

    *Plaintiff,*

v.

ULTIMATE LLC and HAYDEN TOWER SERVICE, INC.,

    *Defendants.*

Case No. 24-2162-EFM-ADM

**MEMORANDUM AND ORDER**

Plaintiff Gavin McVicker brings this disability discrimination suit against Defendants Ultimate LLC and Hayden Tower Service, Inc. alleging that he was terminated because of a perceived disability. Before the Court is Defendant Hayden Tower's Motion for Judgment on the Pleadings (Doc. 17). Plaintiff responded and does not oppose the motion. For the following reasons, the Court grants Hayden Tower's motion.

Ultimate hired Plaintiff. On May 24, 2024, Ultimate assigned Plaintiff to work for Hayden Tower. For approximately two weeks, Plaintiff worked for Hayden Tower as a general laborer installing vault boxes. Plaintiff performed physically demanding work—digging and using a pickaxe—outside in hot weather. After three days of working in these conditions, he experienced dizziness, nausea, vertigo-type symptoms, and extreme sweating. To recover from these episodes, he had to sit down a few times during his shift. At times, he would lose his senses while standing. On June 10, 2024, Plaintiff's supervisor texted Plaintiff to tell him that his employment was terminated because he "may have narcolepsy" and Hayden Tower "want[ed] to ensure [Plaintiff's] safety."

Plaintiff filed suit alleging one count of disability discrimination in violation of the Americans with Disabilities Act.[1] Underneath the heading "Count 1" in his Complaint, Plaintiff titled his claim "Disability Discrimination and Retaliation."

Pursuant to Federal Rule of Civil Procedure 12(c), Hayden Tower seeks judgment on the pleadings as to Plaintiff's retaliation claim. A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."[2] The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[3] To survive a motion for judgment on the pleadings, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[4] Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[5]

Hayden Tower asserts that the facts in Plaintiff's Complaint do not describe a retaliation claim. Plaintiff does not allege that he engaged in any protected activity, nor does he provide any link between his termination and that protected activity. Both are elements in a retaliation claim.[6] Plaintiff's response makes clear that he did not intend to bring a retaliation claim. Rather, he inadvertently included the word "retaliation" in his description of Count 1.

Here, the timing is right for Hayden Tower's motion—the pleadings are closed, and it is early enough that there is no danger this motion will delay trial. Hayden Tower has shown that

---

[1] 42 U.S.C. § 12101, *et seq*.

[2] Fed. R. Civ. P. 12(c).

[3] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citations and quotations omitted).

[6] *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007).

-3-

Plaintiff's Complaint does not raise enough facts to state a claim for retaliation. Plaintiff's response demonstrates that he agrees. Thus, there is no issue of material fact remaining to resolve. Accordingly, Hayden Tower is entitled to judgment on the pleadings to the extent Plaintiff's Complaint presents a retaliation claim.

**IT IS THEREFORE ORDERED** that Hayden Tower's Motion for Judgment on the Pleadings (Doc. 17) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE